# UNITED STATES DISTRICT COURT
for the

Eastern District of California

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No.   2:20-mj-0121 DB |
| GRAHAM WINTERS HETTINGER | ) | |
| | ) | **SEALED** |
| *Defendant(s)* | ) | |

**FILED**
Aug 7, 2020
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of June 25, 2020 in the county of Sacramento in the Eastern District of California, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) and 846 | Drug Distribution and Conspiracy |

This criminal complaint is based on these facts:

(see attachment)

☒ Continued on the attached sheet.

/s/ Aron Mann
*Complainant's signature*

Special Agent Aron Mann
Homeland Security Investigations
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  08/07/2020

City and state:  Sacramento, California

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

**AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT**

I, Aron Mann, being duly sworn, hereby depose and state as follows:

## I.     INTRODUCTION AND AGENT BACKGROUND

1.     I am a Special Agent with Homeland Security Investigations ("HSI") and have been so employed since June 2016.  As a requirement for employment as an HSI Special Agent, I successfully completed the Criminal Investigator Training Program ("CITP") located at the Federal Law Enforcement Training Center ("FLETC") in Glynco, Georgia.  At the conclusion of CITP, I completed an additional Homeland Security Investigations Special Agent Training Academy.  As part of the training at FLETC, I received extensive instruction in the areas of immigration law, customs law, illegal narcotics, firearms, surveillance, and interview techniques.

2.     As a Special Agent with HSI, part of my duties include the investigation of criminal violations as proscribed by 21 U.S.C. § 841 (narcotics trafficking) and 21 U.S.C. § 846 (drug conspiracy).  Moreover, as an HSI Special Agent, I am a "Federal Law Enforcement Officer," authorized to investigate violations of the laws of the United States and to execute search and seizure warrants issued under the authority of the United States.

3.     I have conducted and participated in criminal investigations for violations of federal and state laws including, but not limited to, narcotics trafficking, child exploitation, money laundering, firearms, fraud, and other organized criminal activity.  I have prepared, executed, and assisted in numerous search and arrest warrants.  I have also conducted and participated in criminal and administrative interviews of witnesses and suspects.  I am familiar with the formal methods of illegal narcotics investigations, including electronic surveillance, visual surveillance, general questioning of witnesses, search warrants, confidential informants, the use of undercover agents, and analysis of financial records.  I have participated in investigations of organizations involved in the manufacture, distribution, and possession with intent to distribute controlled substances.

4. I have participated in at least 30 investigations targeting individuals and organizations trafficking heroin, cocaine, marijuana, methamphetamine, fentanyl, and other controlled substances over the dark web. During the course of these investigations, I have become familiar with the manner in which drug traffickers use the mail to conduct their illegal operations.

## II. PURPOSE

5. I make this affidavit in support of a criminal complaint against GRAHAM WINTERS HETTINGER for violations of Title 21, United States Code, Sections 841(a)(1) and 846 (Drug Distribution and Conspiracy) (the "Target Offenses"). As set forth below, I have probable cause to believe that HETTINGER has committed the above-referenced offenses and a warrant for his arrest should be issued.

## III. APPLICABLE STATUTES

6. Under 21 U.S.C. § 841(a)(1), "it shall be unlawful for any person knowingly or intentionally to manufacture, distribute, dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance."

7. Under 21 U.S.C. § 846, "any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."

## IV. FACTS ESTABLISHING PROBABLE CAUSE

8. On or about July 31, 2020, investigators from the Northern California Illicit Digital Economy ("NCIDE") task force learned from a cooperating defendant[1] that Graham Hettinger ("HETTINGER") was involved in the storing, packaging, and distribution of narcotics, to

---

[1] The cooperating defendant ("defendant'") does not have any prior convictions and is cooperating for potential judicial consideration. The defendant was not truthful during an initial proffer with agents about his role in distributing narcotics, but during a second proffer provided what case agents believe to be truthful information about his involvement in distributing narcotics. During the second proffer, the defendant stated that HETTINGER was working with him (the defendant) to distribute narcotics; the defendant also provided case agents with means of communicating with HETTINGER. The evidence described herein was obtained directly by agents based on information provided by the defendant.

include fentanyl-pressed counterfeit oxycodone pills, heroin, LSD, cocaine, and valium, for a dark web narcotics vendor operating on the Empire Marketplace.

9. On or about August 4, 2020, in undercover communications with an email address and Wickr[2] username known to be controlled by HETTINGER, an NCIDE agent provided a list of three fabricated orders of narcotics from the Empire Marketplace to be fulfilled and shipped by HETTINGER. These orders, 100 fentanyl-pressed counterfeit oxycodone, 250 fentanyl-pressed counterfeit oxycodone, and six grams of heroin, were destined to addresses controlled by law enforcement in the Eastern and Central Districts of California.

10. That same day, at approximately 0919 hours, agents from the NCIDE task force set up surveillance around the known address of HETTINGER, located at 2227 19th Avenue, San Francisco, California 94116 ("SUBJECT RESIDENCE"). At approximately 1554 hours the garage at the SUBJECT RESIDENCE opened and a white male individual entered a red Toyota Prius bearing California license plate 6FAM242 ("SUBJECT VEHICLE").

11. Investigators followed the SUBJECT VEHICLE to a nearby United States Postal Service ("USPS") Post Office located at 1800 Taraval Street, San Francisco, California 94116. Once at the Post Office, the male individual exited the SUBJECT VEHICLE, entered the Post Office, and retrieved a large DHL package addressed to HETTINGER at a P.O. Box address at that location registered to the name of HETTINGER. Agents identified the male as HETTINGER as compared to a California Department of Motor Vehicles photo. HETTINGER returned to the SUBJECT VEHICLE, opened and inspected the package, and placed the DHL parcel in the trunk of the SUBJECT VEHICLE.

12. HETTINGER departed the Post Office at 1612 hours and drove directly to the Park Plaza Fine Foods grocery store located at 111 Cambon Drive, San Francisco, California 94132. At approximately 1627 hours, HETTINGER exited the SUBJECT VEHICLE, placed three parcels

---

[2] Wickr is an end-to-end encrypted chat system primarily used on mobile devices, through which the user can set a time limit on how long the message will be viewable by the recipient. Once the message expires, it is wiped from the device.

in a blue USPS collection box, returned to the SUBJECT VEHICLE and re-parked in a new location in the parking lot. Once parked, HETTINGER sent a message to an NCIDE agent now in control of the dark web vendor's Wickr account stating that HETTINGER dropped off the orders. HETTINGER departed the area at approximately 1629 hours.

13. A United States Postal Inspection Service Inspector opened the blue collection bin and located three parcels bearing the fictitious names provided to HETTINGER in the undercover communications. Agents inspected the contents of the three parcels destined to law enforcement-controlled addresses. The first parcel contained approximately six grams of suspected heroin hidden in a protein powder package. The second parcel contained approximately 100 fentanyl-pressed counterfeit oxycodone pills (nine grams in weight). The third parcel contained approximately 250 fentanyl-pressed counterfeit oxycodone pills (22 grams in weight). The suspected heroin field-tested positive for heroin using a TruNarc drug detection device, but the counterfeit oxycodone field-tested inconclusive.

## V.     REQUEST FOR SEALING

14. I further request that the Court order that all papers in support of this application, including the affidavit, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize the investigation.

//

//

//

//

//

## VI. CONCLUSION

15. Based on the foregoing, I have probable cause to believe that GRAHAM WINTERS HETTINGER has committed the offenses of Drug Distribution and Conspiracy, in violation of Title 21, United States Code, Sections 841(a)(1) and 846. I therefore request that the Court issue a warrant authorizing the arrest of HETTINGER.

I swear, under the penalty of perjury, that the foregoing information is true and correct to the best of my knowledge, information, and belief.

/s/ Aron Mann

Aron Mann
Special Agent
Homeland Security Investigations

Approved as to form:

Grant B. Rabenn
Assistant United States Attorney

Sworn and Subscribed to me on August 7, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE